**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **ANGELA TAPPE, INDIVIDUALLY, AS NEXT OF KIN OF EARNEST MURPHY, AND AS EXECUTRIX** Plaintiff, | § § § § § § | **CIVIL ACTION NO.** _____ |
| **v.** | § § | **JUDGE** _____ |
| **GERALD GULLEY AND STEVAN DAWN** Defendant | § § § § § | **MAGISTRATE JUDGE** _____ |

C O M P L A I N T

The complaint of ANGELA TAPPE, individually, and as the executrix of the Succession of

Earnest Murphy,  a citizen and resident of Caddo Parish, Louisiana, referred to herein as "Angela",

represent the following:

The Parties

Petitioner

**1.** Petitioner, Angela, is now and was at all relevant times, a citizen of the State of

Louisiana, residing in Caddo Parish, Louisiana, and at all times has been the holder of a durable

power of attorney for Earnest Murphy ("Murphy"), her uncle, for general purposes and for healthcare

purposes as well, and she is named as the executor of Murphy's estate in his testament and in Civil

Action No. 660401 on the docket of the First Judicial District Court in and for Caddo Parish,

Louisiana.  Angela is also the next of kin of Earnest Murphy.

**2.** Angela shows that Murphy, passed away on October 24, 2025 at the Overton Brooks Medical Facility in Caddo Parish, Louisiana.  Murphy was a veteran and was domiciled in Shreveport, Louisiana, but was residing at the Veteran's administration home in Bossier City shortly before his death.  He had gone there for rehabilitation.

Defendants

**3.** Defendant, Gerald Gulley, ("Gulley"), is, on information and belief, a citizen and resident of the State of Tennessee, who operates as some sort of appointed conservator who purported to have control over the person of Murphy and his property.  Gulley is sued for damages and, in his capacity as a conservator in the Tennessee proceeding identified below as the Action, is sued for injunctive relief.  Gulley is a state actor acting with regard to orders from the chancery court in Tennessee.

**4.** Defendant, Stevan Dawn ("Dawn") is, on information and belief, a citizen and resident of the State of Tennessee, who provoked an conservatorship proceeding in Tennessee in regard to the person and property of Murphy.  The proceeding bears Number 211255-3 on the docket of the Chancery Court in and for Knox County, Tennessee (the "Action").  Dawn is sued in his individual capacity for injunctive relief as well as damages, attorneys fees and costs.  Dawn claims to be the cousin of Murphy; however, on information and belief, Dawn is not related to Murphy at all.  Dawn is a state actor based on the invocation of relief in Tennessee in violation of the rights of Murphy and Angela, and based on his actions in concurrence with Gulley as his agent and proxy.

Nature of Claims

**5.** This is an action by Angela for injunctive relief from all defendants, and for damages arising from the actions taken to wrongfully obtain the body of Murphy, and taking it across state lines, and for the violations of the civil rights of Angela and Earnest Murphy.  This action also seeks to redress mental anguish, pain, and suffering, and actual losses incurred by Angela in this matter, including attorneys fees which were necessitated by the actions of Stevan Dawn and Gerald Gulley in taking the body of Murphy or seeking to exert control over that body, and to redress the civil rights violations at issue with regard to conservatorship proceedings in the State of Tennessee on behalf of Earnest Murphy who was never allowed to participate in that proceeding.  The action arises under 42 U.S.C.A. §1983, and related statutes.

**6.** The damages sought herein exceed the sum of $75,000.00.  The damages sought include specific damages of monies in excess of $178,000.00 that belonged to Angela, which, based on the baseless allegations of Dawn, are now held by Gulley.

Jurisdiction

**7.** This Court has federal question jurisdiction under 28 U.S.C. §1331, as well as diversity jurisdiction under 28 U.S.C. §1332, and because the damages herein exceed $75,000.00. This is a suit between citizens of different states and is also based on federal question jurisdiction under 42 U.S.C.A. §1983 and related statutes.  This Court has supplemental jurisdiction over the additional state law claims alleged herein.

Venue

**8.** The United States District Court for the Western District of Louisiana and the

Shreveport Division thereof, is a Court of proper venue under the provisions of 28 U.S.C. §1391. Angela is domiciled in the Western District of Louisiana. Murphy's body was taken by Dawn from the Boone Funeral Home in Bossier Parish, Louisiana. Murphy was a domiciliary of Caddo Parish, as shown below. Petitione was wrongfully required to pay Gulley from her accounts while in Caddo Parish, the sum of $178,356.21, and which Gulley still holds in his possession. Dawn has filed proceedings in Tennessee and Louisiana, in which he has defamed Angela, and obtained orders from the Tennessee Court involving both himself and Gulley, without any due process being afforded to Earnest Murphy and even without service process on him or even a citation to him. Based on those improper proceedings, Gulley is seeking to take possession of Murphy's body, which is located in the Western District of Louisiana.   Venue is proper in the Western District of Louisiana.

The Relevant Facts

9.      Angela is the niece of Murphy, and his next of kin by law. Dawn claims to be related to Murphy, but his relationship has never been proven, but if related, his degree of relationship is distant to the relationship that Angela holds as the niece of Murphy.

10.      Angela was named as the person with authority to have the care and control of Murphy's body, to make funeral arrangements, and to make anatomical gifts, if deemed prudent. See Exhibit 1, Article Two.  Angela is the executrix of Murphy's succession proceeding in Louisiana.

11.      Angela is therefore the person who has the right to make arrangements for the burial of Murphy.  See La. R.S. 8:655; La. R.S. 37:855, 876.

12.      Murphy's body was released to Angela by the Veteran's Administration.  Angela had

the body taken to Boone Funeral Home in Bossier City, Louisiana.

**13.** On or about October 27, 2025, Dawn contacted Boone, and concocted a story about how the family had determined to bury Murphy in Knox County, Kentucky.  At the direction of Dawn, Murphy's body was sent to Knox County to Bridges Funeral Home.

**14.** Angela found out about the transfer and instructed Boone that the transfer was unauthorized.  Boone was able to stop the transfer, and retrieve the body of Murphy.

**15.** Murphy died a domiciliary of Caddo Parish, Louisiana. However, the domicile of Murphy has become a question between Angela, and Dawn.

**16.** On or about May 6, 2025, Murphy changed his domicile.  In connection therewith Angela shows the following:

    a.     Murphy contacted her prior to that date and told her he wanted to move to permanently move to Shreveport.  In particular, Murphy wanted to move to get away from Dawn.

    b.     On or about May 8, 2025, Murphy drove to Caddo Parish, Louisiana.  Once here, Murphy redirected all of his mail to 6638 Evelyn Drive, Shreveport, Louisiana.  Exhibit 2.

    c.     Murphy had his medicare addresses changed as well.  Exhibit 3.

    d.     Murphy had his Veteran's Affairs address changed.  Exhibit 4.

    e.     Murphy hired John Milkovich and had him prepare a new Louisiana power of attorney to make sure that there was no question as to Angela's authority. See Exhibit 5, Procuration.

    e.     Murphy had his truck re-titled in the State of Louisiana.  By that time, Murphy was living at the Veteran's Home on Arthur Teague Parkway, having gone there for rehabilitation following a medical problem that was treated at the Overton Brooks Medical Center.  Exhibit 6.

f.      Murphy also obtained a Louisiana identification card.  Exhibit 7.

Based on the foregoing, the Caddo Parish District Court has found jurisdiction in fact, rather than what was required for a "home state" designation.

17.     Approximately 45 days after Murphy moved, Dawn filed a proceeding in Knox County, Tennessee, seeking to have Murphy declared mentally incompetent, and have a conservator appointed.  Gulley was appointed conservator.  The proceeding was based on a uniform statute governing guardianships, which identifies a "home state" as a proper venue, without regard for actual domicile.  In violation of Angela's civil rights, Dawn joined Angela to the proceeding he filed in Tennessee.  Angela had to hire an attorney to get dismissed for wrongful joinder.

18.     Murphy was never served with that proceeding, or cited to court to answer the same. Murphy did not appear or participate in those proceedings because of the same, and any orders issued therein were improper and entered in violation of his civil rights.

19.     The proceeding unconstitutionally infringed on Murphy's constitutional rights, and also unconstitutionally infringed on the rights of Angela.  Dawn's action and the court action in Tennessee improperly interfered with Angela's rights and obligations under her general power of attorney.  Despite the fact that Murphy had legitimately changed his domicile, the Tennessee court still purported to exercise jurisdiction over him, without service of process or citation, and even entered an order to have him returned to Tennessee for evaluation.

20.     In that suit, Dawn made defamatory statements about Angela's character, stating that Angela was exercising undue influence over Murphy, and that she was stealing his assets to her benefit and use.

**21.** Gulley and Dawn then hired a Louisiana attorney who filed to domesticate the Tennessee orders, issued without ever having a substantive hearing on Murphy's competence at the time, and issued without ever serving Murphy or issuing citation unto him.

**22.** Despite an answer being filed denying that the Tennessee orders were to be given full faith and credit, the Bossier Parish Court utterly failed to have a jurisdictional hearing, refused to allow witnesses to be called, and forced Angela to pay $178,356.21 in funds to Gulley. Angela was a joint owner of the accounts from which she withdrew the monies, meaning she owned those funds under Tennessee law. Moreover, she had the general power of attorney of Murphy authorizing her to take those actions, even if one considered Murphy to be the owner of the funds.

**23.** In those Louisiana filings, Gulley and Dawn both defamed Angela, again claiming that Angela had stolen the monies of Murphy, despite the valid power of attorney and despite having been a joint owner of certain accounts since 2017.

<u>COUNT I - INJUNCTIVE RELIEF</u>

**24.** All of the foregoing allegations are incorporated herein by reference.

**25.** Angela shows that irreparable harm will occur, which cannot be compensated in money or money's worth, should Dawn once again take possession of the body of Murphy. Angela is the person with the rights to make funeral decisions both legally (as next of kin), and as agent. Additionally, Gulley has called the funeral home about the body and it is suspected that he may try to act to obtain the body as a "temporary conservator." Gulley is claiming to act under the guise of Tennessee Statutes 34-1-113. That statute does not give Gulley the right to possession of the body, which falls to the next of kin. Further, that statute requires reasonable funeral arrangements which

are not present under the circumstances.  Accordingly, Angela seeks a temporary restraining order restraining, enjoining and prohibiting Dawn and Gulley, and any person acting on behalf of either of them, from taking possession of the body of Murphy, and from attempting to take possession of the body of Murphy.  Bond should not be required due to the nature of the issues before the Bar, and the fact that Angela holds those rights under Louisiana law.  In due course, a preliminary injunction should issue herein, without bond or security, and after trial on the merits a permanent injunction should issue.

26.    Angela believes that Dawn and/or Gulley will attempt to file proceedings in the State of Tennessee to open the Succession of Murphy, claiming that Murphy was a domiciliary of that state.  Both Dawn and Gulley should be restrained, enjoined, and prohibited from filing any succession proceedings in the State of Tennessee.  It appears from actions taken by Gulley and directives allegedly given to Veteran's Home personnel that Gulley intends to move forward with more proceedings, despite the death of Murphy and the termination of the curatorship.  See Tennessee Statutes 34-1-108(e).  Irreparable harm will occur if either Dawn or Gulley files succession proceedings in Tennessee for a person who was domiciled in Louisiana, as there may be multiple judgments issued, conflicting judgments and orders, and assets may be turned over to the wrong persons, resulting in total losses. Such proceedings will cause Angela to incur substantial costs, attorneys fees, and time and energy which will not be recoverable, and therefore cannot be compensated in money or money's worth.  Further, Angela has an ownership interest in the movable assets in Tennessee, and such conflicting orders may well cause a trespass to the movable properties owned by Angela, without her consent. The conservatorship has ended as a matter of law.

**27.**     Accordingly, a temporary restraining order should enter, without bond or security, ordering Dawn and Gulley to refrain from filing any succession or other proceedings related to the death of Murphy, in the State of Tennessee, and to prohibit them from trying to obtain a death certificate or dealing with social security or the veterans administration.  In due course, a preliminary and permanent injunction should issue after due proceedings are had.

COUNT II - DAMAGES

**28.**     Based on the foregoing facts, Angela and Murphy have suffered damages from the actions of Dawn and Gulley.  Murphy was denied due process and a meaningful ability to participate in the Tennessee proceedings, and was wrongfully interdicted.  Angela is the sole legatee of Murphy's testament and she is named the executrix in that testament.  See Exhibit 2.  Angela has had to incur attorneys fees, and costs, has had to hire attorneys to obtain the return of Murphy's body, and has suffered severe mental anguish, pain and suffering, and sorrow from the events described above.  Said damages include severe mental anguish, pain and suffering from the abduction of Murphy's body.

**29.**     Gulley sought and obtained funds from Angela.  At the time, Gulley knew or should have known that Angela was the owner of those funds.  Angela had been a joint account holder with Murphy, which was set up when Murphy was domiciled in Tennessee, and under Tennessee law Angela became a co-owner of those funds.  When she withdrew those funds from their account, she became the sole owner of them.  See In re Estate of Fletcher, 538 S.W.3d. 444 (Tenn. S. Ct. 2017). Gulley sought and was wrongfully paid $178,356.21, without due process, in August 2025 from Angela's account. Angela is entitled to damages from Gulley for funds that he has received

wrongfully from her.

30.    Angela seeks all damages from Dawn including all costs, attorneys fees, and other incidental expenses incurred in seeking the return of Murphy's body, all damages for the extreme mental pain and suffering, severe mental anguish, and all emotional distress caused by the abduction of Murphy's body and the resulting stress and duress of having to obtain a return of Murphy's body. Angela likewise seeks damages for the defamation by Dawn's statements that she had taken advantage of Murphy, and improperly stolen his assets. The accusations were of a level to imply a crime and therefore constitute defamation per se.

31.    Dawn's Louisiana filings clearly state that Angela had Murphy execute a power of attorney despite the knowledge that Murphy lacked capacity. Dawn's Louisiana filings also allege that Angela took Murphy from his home to Louisiana and had a second power of attorney executed, despite knowing that Murphy lacked capacity. Those constitute outright falsities, and imply that Angela was illegally taking advantage of her uncle.

32.    The allegations were made public when the suits were filed, and some of which were published again in Louisiana, when Dawn's representatives filed an action to domesticate the judgment.

33.    The allegations constitute defamation per se, or alternatively defamation, and have damaged Angela.

34.    As a result of the outrageous, malicious, and improper actions of Dawn, Angela has suffered severe emotional distress and anxiety. She has been damaged in her name and reputation. Angela's civil rights were violated without due process, and she was required to forfeit monies that

rightfully belonged to her without any hearing on the issues and without and hearings on domicile. Angela had to hire an attorney to obtain the return of Murphy's body, and to file this action to obtain a return of the funds.   Angela has incurred at least $15,000.00 in attorneys fees and the sum is growing.  The quantum of damages is not liquidated, but exceeds $75,000.00 in Angela's estimation against each defendant.

**35.** As a result of the outrageous, malicious, and improper actions of Dawn, Angela has suffered severe emotional distress and anxiety.  She has been damaged in her name and reputation. Murphy was denied due process in Tennessee as well as Caddo Parish, and became subject to improperly issued orders from the State of Tennessee in an action that was unconstitutionally applied to him in Tennessee.

**36.** Angela has been defamed.

**37.** Angela requests all relief appropriate under the evidence and the pleadings, for herself and for Murphy's estate, including any special, exemplary, or punitive damages as may be allowed by law.  Angelas show that the damages, while not exactly susceptible to accurate calculation, exceed $75,000.00 each for both Dawn and Gulley.

WHEREFORE, Angelas pray that a citation issue under the Defendants, together with a certified copy of this complaint, and that after service on the Defendants, and after the time delays allowed by law, that the Defendants be required to answer this complaint;

FURTHER PRAY that, after due proceedings had, judgment be rendered in favor pf Angelas, and against Defendants, as follows:

(1) by issuing a temporary restraining order, without bond or security or with

minimum bond or security, restraining, enjoining and prohibiting Steven Dawn and/or Gerald Gulley, and any other person acting on behalf of either of them, from the following:

A.    Taking possession or attempting to take possession of the body of Murphy;

B.    Instituting a succession proceeding regarding Earnest Murphy in the State of Tennessee until further orders of this Court;

C.    Obtaining a death certificate for Murphy in the State of Tennessee until further orders of this Court;

D.    Making any changes at the United States Social Security office or the Veterans' Affairs office in regard to Murphy; and

E.    From acting pursuant to the improper orders from the State of Tennessee.

(2)    That after due proceedings are had that preliminary and permanent injunctions to the same extent issue herein, without bond or security or with minimum bond or security;

(3)    that after due proceedings are had, that damages be awarded to Angela against Gulley, in the amount of $178,356.21 wrongfully paid to him;

(4)    that after due proceedings are had, that there be an award of damages against Stevan Dawn and Gerald Gulley (a)  for wrongfully taking the body of Murphy and for seeking to obtain the body of Murphy under improper orders from the State of Tennessee, (b)  for the negligent or intentional infliction of emotional distress, mental and emotional pain and suffering, and stress,  in

connection with that wrongfully taking the body of Murphy, and for ( c) for defamation and defamation per se, awarding damages, costs, and attorneys fees (if attorneys fees are appropriate) to Angela for all of the foregoing actions, and for bringing this action;

(5)   for damages for the violations of the civil rights of Murphy and Angela, and for all attorneys fees, costs, and treble damages where appropriate

FURTHER PRAY for all orders and decrees necessary or proper in the premises and for full, general and equitable relief.

Respectfully submitted,

ALAN PESNELL LAWYER LLC

By: __/s/ *W. Alan Pesnell*_____
     W. Alan Pesnell
     Louisiana Bar Roll No. 23249
     720 Murray Street
     Alexandria, Louisiana  71301
     Telephone:  (318) 704-0979
     Telecopy: (318) 625-0603
     wapesnellatty@gmail.com

--     Attorneys for Angela Tappe

**JURY TRIAL INDORSEMENT**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Angela Angela Tappe demands a jury trial of all issues triable by jury.

__/s/___ *W. Alan Pesnell*_____

Plancher, Gary EEOC File\plancher petition

W. Alan Pesnell